IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**LINDA DICKENS**                                                                           **PLAINTIFF**

V.                            CASE NO. 3:15-CV-3052

**GEMINI CAPITAL GROUP and**
**LAW OFFICE OF ALLEN AND WITHROW**                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Gemini Capital Group's ("Gemini") Motion to Dismiss (Doc. 12) and Brief in Support (Doc. 13), and Plaintiff Linda Dickens's Response (Doc. 19) and Brief in Support (Doc. 20). Also currently before the Court are Defendant Law Office of Allen and Withrow's ("Law Office") Motion to Dismiss (Doc. 18) and Brief in Support (Doc. 17), and Ms. Dickens's Response (Doc. 21) and Brief in Support (Doc. 22). For the reasons given below, both Defendants' Motions are **DENIED**.

### I. BACKGROUND

Ms. Dickens initiated this lawsuit by filing her Complaint (Doc. 1) on July 14, 2015. The Complaint alleges that Defendants intentionally prosecuted a lawsuit outside the statute of limitations against Ms. Dickens and her husband while her husband was literally on his deathbed. The Complaint recites three causes of action against both Defendants: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and Arkansas Fair Debt Collection Practices Act ("AFDCPA"), Ark. Code Ann. § 17-24-101 *et seq.*; (2) Malicious Prosecution; and (3) Abuse of Process. Gemini filed its Rule 12(b)(6) Motion to Dismiss and Brief in Support on October 28, 2015, to which

1

Ms. Dickens filed her Response on November 4, 2015. Law Office filed its Rule 12(b)(6) Motion to Dismiss and Brief in Support on November 2, 2015, to which Ms. Dickens filed her Response on November 6, 2015.[1] Both Motions are now ripe and ready for decision.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in the Complaint by Plaintiff, drawing all reasonable inferences in Plaintiff's favor. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting

---

[1] Other than substituting Defendants' names where appropriate, Defendants' Motions and Briefs in Support are word-for-word identical to each other, as are Ms. Dickens' Responses to the respective Motions.

*Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

Viewing the Complaint in the light most favorable to Ms. Dickens, it alleges the following facts. On January 29, 2008, Ms. Dickens and her husband contracted to purchase a motor vehicle for their daughter, who stopped making payments on the vehicle around December 2008. On July 7, 2009, Citi Financial ("Citi Financial")—Defendant Gemini's predecessor in interest—sent Ms. Dickens and her husband a "Notice of Right to Cure Default," which referenced default dating back to April 1, 2009, and stated that if Ms. Dickens and her husband did not cure default by July 26, 2009, Citi would repossess the vehicle. Ms. Dickens and her husband did not timely cure default, so Citi repossessed the vehicle and on October 9, 2009, sent them a "Notice of Our Plan to Sell Property." The vehicle was then sold at an auction on November 11, 2009.

Years later, on July 31, 2014, Gemini caused a complaint to be filed by Law Office against Ms. Dickens and her husband, for the balance of the vehicle loan along with assorted costs, fees, and interest. Ms. Dickens and her husband alerted Defendants very soon thereafter that their lawsuit had been filed outside the statute of limitations, but Defendants continued to prosecute their lawsuit and resist discovery for another six months, before finally agreeing to dismiss their case days before a court date without ever having produced any evidence that any payment had been made on

the vehicle loan after April 1, 2009. Furthermore, Defendants knew that Ms. Dickens's husband was spending out the final months of his life in hospice care while their lawsuit was pending.

In their instant Rule 12(b)(6) Motions, Defendants make only one argument: that their state-court lawsuit against Ms. Dickens and her husband was filed within the applicable statute of limitations. Specifically, Defendants argue that the applicable statute of limitations was five years from the date of accrual, and that the date of accrual in this context corresponds to the date of notice that the vehicle had been repossessed. Defendants cite only to one case in support of their argument: *Oaklawn Bank v. Alford*, 845 S.W.2d 22 (Ark. App. 1993). Ms. Dickens argues, *inter alia*, that the applicable statute of limitations is four years rather than five, but the Court need not resolve that particular dispute at this time, because even if the limitations period is five years, the Complaint pleads a plausible cause of action.

In *Oaklawn*, as in the instant state-court lawsuit, the central issue was the statute of limitations on an action arising from the alleged breach of a promissory note secured by a vehicle. 845 S.W.2d at 23 – 24. The plaintiff/appellant in that case sent a notice to the defendant/appellee in that case on August 11, 1986, informing the defendant/appellee that it had repossessed the vehicle at issue and accelerated the debt, and threatening to sell the vehicle if the debt was not satisfied by August 21, 1986. *Id.* at 23. On September 18, 1986, the plaintiff/appellant sent another letter to the defendant/appellee, stating that the vehicle had been sold and demanding payment on the remaining balance. *Id.* The plaintiff/appellant argued in *Oaklawn* that its cause of action on the unsatisfied debt accrued on this latter date of September 18, 1986, and

that therefore its complaint, which was filed on September 6, 1991, was filed within the five-year statute of limitations. *Id.* at 24. However, the state circuit court in that case found, and the Arkansas Court of Appeals affirmed, that the plaintiff/appellant's cause of action accrued on August 11, 1986, and that its complaint was outside the statute of limitations. *Id.* at 23 – 24.

Simply put, *Oaklawn* does not stand for the proposition that Defendants claim it does, with regard to the date of accrual in the instant case. What *Oaklawn* actually states is that:

> For breach of contract, the true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion. A cause of action for breach of contract accrues the moment the right to commence an action comes into existence, and occurs when one party has, by words or conduct, indicated to the other that the agreement is being repudiated or breached. In ordinary contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action.

*Id.* at 24 (internal citations omitted). Indeed, *Oaklawn* went on to specifically reject the argument put forward by the plaintiff/appellant in that case that the date of notice of repossession and sale was the date of accrual. The Arkansas Court of Appeals explained:

> Appellant . . . confuses its remedy of repossession, sale, and an action for any deficiency with its cause of action on the debt owed by appellee to appellant. In fact, appellant fundamentally errs in characterizing this remedy as a cause of action. The basis for appellant's cause of action against appellee was the debt evidenced by the promissory note and secured by the Jeep; the note and the security agreement provided remedies for the satisfaction of this debt in the event of default. After appellee defaulted and appellant accelerated the debt, appellant's cause of action on the debt evidenced by the note did not depend upon any further contingency or condition precedent. Appellant's right to a deficiency judgment was simply part of a remedial process appellant

initiated by accelerating the debt and cannot be treated as a separate cause of action.

*Id.*

Here, the Complaint alleges that Ms. Dickens and her husband were in default no later than April 1, 2009, that Citi gave them an explicit deadline of July 26, 2009 by which to cure default and avoid repossession, and that Ms. Dickens and her husband did not make any further payments on the vehicle. The copies of the contract that were attached to the instant Complaint are illegible, *see* Doc. 1-1, pp. 11 – 12; Doc. 1-8, pp. 3 – 4, so the Court is unable and unwilling to make any ruling at this time as to what the correct interpretation of the contract is. Thus, viewing the Complaint in the light most favorable to Ms. Dickens, a reasonable inference can be made from its face that Dickens defaulted on April 1, 2009, that Citi accelerated the debt no later than July 26, 2009, and that Gemini's lawsuit was filed on July 31, 2014—more than five years from when the cause of action accrued.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Gemini Capital Group's Motion to Dismiss (Doc. 12) and Defendant Law Office of Allen and Withrow's Motion to Dismiss (Doc. 18) are both **DENIED**.

**IT IS SO ORDERED** on this 21st day of December, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6